# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DWAYNE J. NORTON,**

    **Plaintiff,**

**vs.**                                                                          **Case No. 4:06cv40-RH/WCS**

**THOMAS D. HALL,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has submitted a petition for a mandatory and preliminary injunction to initiated this civil action. Doc. 1. Plaintiff is an inmate incarcerated within the custody of the Florida Department of Corrections, currently confined at Florida State Prison in Raiford, Florida. Plaintiff has submitted a motion seeking leave to proceed *in forma pauperis.* Doc. 2.

Plaintiff has previously filed several civil rights cases in this district. Plaintiff has not disclosed within his "petition" that he filed those cases, nor has he mentioned that all of the cases were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and count as "strikes" under § 1915(g). Case 4:05cv104-MP was dismissed on January 4, 2006, for failure to state a claim. Doc. 24 of that case. Such a dismissal counts as a "strike"

under § 1915(g). In case 4:05cv166-WS, Plaintiff attempted to file a petition for writ of mandamus, and that case was dismissed as frivolous on July 22, 2005. Doc. 11 of that case. Plaintiff appealed the dismissal and the appeal was dismissed by the Eleventh Circuit as frivolous. Doc. 24 of that case. Those two dismissals count as two more "strikes" pursuant to 28 U.S.C. § 1915(g). Plaintiff also filed another civil rights case, number 4:05cv261-RH, which was similarly dismissed by this Court for failure to state a claim and because the claims were brought against a defendant who is immune from monetary relief. Docs. 17, 20 of that case. That dismissal is Plaintiff's fourth strike in this Court.

Plaintiff also initiated case 5:05cv176-SPM in this Court. There, he was initially granted *in forma pauperis* status, doc. 4 of that case, but then when Plaintiff submitted an amended complaint and acknowledged nine other cases from the Middle District that were dismissed as either frivolous or for failing to state a claim, the order granting Plaintiff *in forma pauperis* status was vacated and the case dismissed pursuant to 28 U.S.C. § 1915(g) on November 30, 2005. Docs. 8, 13. Plaintiff has now appealed that dismissal. Doc. 16 of that case. This dismissal counts as Plaintiff's fifth "strike" in this Court, and when added to the dismissals from the Middle District, brings the number of dismissals under 28 U.S.C. § 1915(e)(2)(B) to *at least* fourteen.

Plaintiff has, accordingly, attempted to circumvent acknowledging the prior § 1915 dismissals in submitting this case, and due to the recency of some of the dismissals, Plaintiff is well aware that he is not entitled to proceed *in forma pauperis* in the courts of the United States. Undoubtedly, Plaintiff is attempting to proceed in the Northern District of Florida because he is barred from proceeding in the Middle District

Case No. 4:05cv506-WS/WCS

unless he pays the full amount of the filing fee at the time of case initiation. Plaintiff's actions in submitting this case are in bad faith.

Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed *in forma pauperis* in federal court and his motion, doc. 2, to do so in this case must be denied. The instant complaint does not allege that Plaintiff is under imminent danger of serious physical injury and, thus, the allegations do not bring Plaintiff within the "imminent danger" exception to the three "strikes" bar of § 1915(g). This case should be dismissed without prejudice to Plaintiff's ability to present his allegations in a complaint for which he pays the full $250.00 filing fee at the time of filing.

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** because Plaintiff is not entitled to proceed *in forma pauperis* under § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 27, 2006.

     s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:05cv506-WS/WCS